1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,        )   Case No. CR 05-00519 (A) DDP
                                       )
12                    Plaintiff,       )   **ORDER GRANTING MOTION IN LIMINE**
                                       )   **TO PRECLUDE (1) QUESTIONING AND**
13        v.                           )   **ARGUMENT ON MATTERS IRRELEVANT TO**
                                       )   **WHETHER THE UNITED STATES AND**
14   YASITH CHHUN,                     )   **CAMBODIA WERE "AT PEACE" AND (2)**
                                       )   **QUESTIONING OF STATE DEPARTMENT**
15                    Defendant.       )   **WITNESS BEYOND THE SCOPE OF**
                                       )   **DIRECT EXAMINATION**
16                                     )
                                       )   [Motion filed on March 10, 2008]
17   _____  )

18        This matter comes before the Court on the Government's motion

19   in limine to preclude (1) evidence on matters irrelevant to whether

20   the United States and Cambodia were "at peace" under 18 U.S.C. §

21   956(b) and 18 U.S.C. § 960 and (2) questioning of a State

22   Department witness beyond the scope of direct examination.  After

23   reviewing the papers submitted by the parties and considering the

24   arguments therein, the Court grants the motion.

25

26   **I.   BACKGROUND**

27        Defendant Chhun is charged with several crimes for his alleged

28   involvement in a failed coup attempt against the Cambodian

1  government on November 24, 2000.  Count Two of the First
2  Superseding Indictment charges Defendant Chhun under 18 U.S.C. §
3  956(b) with conspiracy to damage or destroy property in a foreign
4  country with which the United States is "at peace."[1]  Count Three
5  of the First Superseding Indictment charges Defendant Chhun with a
6  violation of 18 U.S.C § 960 for conspiracy to take part in a
7  military expedition against a foreign state with which the United
8  States is "at peace."[2]

9       The Court previously addressed the meaning of the "at peace"
10 requirement in connection with Defendant's motion to dismiss Counts
11 Two and Three of the First Superseding Indictment.  United States
12 v. Chhun, 513 F. Supp. 2d 1179 (C.D. Cal. 2007).  The Court held
13 that "'at peace' refers to the relationship between the United
14 States and a foreign country when there is no war, whether declared
15 or undeclared."  Id. at 1184.  In light of that Order, the

16 ─────────────────

17  [1] 18 U.S.C § 956(b) states:
18  Whoever, within the jurisdiction of the United States,
    conspires with one or more persons, regardless of where such
    other person or persons are located, to damage or destroy
19  specific property situated within a foreign country and
    belonging to a foreign government or to any political
20  subdivision thereof with which the United States is at peace,
    or any railroad, canal, bridge, airport, airfield, or other
21  public utility, public conveyance, or public structure, or any
    religious, educational, or cultural property so situated,
22  shall, if any of the conspirators commits an act within the
    jurisdiction of the United States to effect any object of the
23  conspiracy, be imprisoned not more than 25 years.

24  [2] 18 U.S.C § 960 states:
25  Whoever, within the United States, knowingly begins or sets on
    foot or provides or prepares a means for or furnishes the
    money for, or takes part in, any military or naval expedition
26  or enterprise to be carried on from thence against the
    territory or dominion of any foreign prince or state, or of
27  any colony, district, or people with whom the United States is
    at peace, shall be fined under this title or imprisoned not
28  more than three years, or both.

2

Government brings this motion <u>in</u> <u>limine</u> to preclude Defendant from putting on evidence that is irrelevant to proof of the "at peace" requirement.  Defendant argues that evidence of covert activities by the United States against Cambodia is relevant to determine whether the two nations were "at peace."

**II.  DISCUSSION**

     In bringing its earlier motion to dismiss the indictment, Defendant argued that the United States and Cambodia were not "at peace" because the United States had condemned Cambodia for its human rights abuses.  The Court held that "at peace" means the absence of war, whether declared or undeclared.  The Court further held that the "at peace" requirement "means that the United States is not . . . involved in a declared war or active military operations."  <u>Chhun</u>, 513 F. Supp. 2d at 1184.  Given the Court's definition of "at peace," the Court denied Defendant's motion to dismiss the indictment.  <u>Id.</u>  The Court's Order did not explicitly address whether covert government activities by the United States in a foreign nation would constitute a declared or undeclared war as to defeat proof of the "at peace" requirement.[3]  The Court turns to that issue and expands on its previous holding.

---

     [3] The issue of covert activities was not clearly presented in connection with Defendant's motion to dismiss the indictment.  In that motion, Defendant expressed the position that "the United States was not engaged in a covert war against the sitting government of Cambodia. . . ."  (Def.'s Mot. For Order Dismissing Counts Two and Three of the First Superseding Indictment, filed July 30, 2007, at 4.)  Accordingly, the Court did not specifically address whether declared or undeclared war encompassed covert activities by the United States government.

1    The Court finds that a declared or undeclared war must be open
2 and notorious to establish that the United States is not "at peace"
3 with a foreign nation.  Active military operations are open and
4 notorious.  Covert activities, by definition, are not open and
5 notorious.  Therefore, the United States' involvement in covert
6 activities within a foreign nation does not establish a state of
7 war such that the United States' was not "at peace" with the
8 foreign nation.  Accordingly, evidence of covert activities is
9 irrelevant to proof of the "at peace" requirement.

10    This holding is consistent with the Court's previous Order
11 defining the "at peace" requirement.  In that Order, the Court
12 determined that the purpose of the "at peace" requirement was to
13 prevent private individuals from interfering with the United
14 States' conduct of foreign affairs.  The "at peace" requirement
15 recognizes that a private individual's involvement in an armed
16 attack on a foreign nation could trigger hostilities, as the
17 foreign nation that perceives the individual's attack issuing from
18 within the United States might conclude it was sanctioned by the
19 United States.  Therefore, a person involved in such an attack is
20 subject to prosecution, unless the United States is already engaged
21 in an open and notorious war against that nation. If the United
22 States is already engaged in an open and notorious war, there is
23 minimal risk that a private individual's attack will interfere with
24 foreign relations that have already escalated to armed conflict.

25    There is a danger, however, that a private individual's attack
26 will provoke a conflict when the United States is not engaged in an
27 open and notorious war but is involved in covert activities within
28 a foreign nation.  Covert operations by the government, too, might

4

1  trigger hostilities if the foreign nation discovers or suspects

2  that the United States is responsible for the operation.  However,

3  it is the prerogative of the federal government, not private

4  individuals, to make such foreign policy decisions.  That is why

5  the exception to prosecution under 18 U.S.C. § 956(b) and 18 U.S.C.

6  § 960 is limited to situations when a private individual takes

7  action against a foreign nation involved in an open and notorious

8  war, whether declared or undeclared, against the United States.

9       The Court acknowledges that the district court in United

10  States v. Terrell, 731 F. Supp. 473 (S.D. Fla. 1989),[4]  held that

11  the United States was not "at peace" with Nicaragua where it

12  provided funding and support to the Contras in military operations

13  against the Nicaraguan government.  Id. at 476-77.  However, the

14  Terrell court defined "at peace" in terms of "neutrality," asking

15  whether the United States had demonstrated "impartiality of conduct

16  towards both parties."  Id. at 475, 477.  That is not the

17  definition adopted here.  Accordingly, Terrell is not controlling.

18       The United States is "at peace" with a foreign nation when not

19  at war, whether declared or undeclared.  A declared or undeclared

20  war involves open and notorious military operations against a

21  foreign nation.  In this case, relevant evidence will tend to prove

22  or disprove the "at peace" requirement as defined.  Defendant is

23  precluded from offering evidence of covert activities by the United

24  States government in Cambodia because it is irrelevant.  The Court

25  need not address the Government's argument regarding the Classified

26  Information Procedures Act.  The Court also understands this ruling

27  _____

28       [4] The Court discussed the Terrell opinion at length in its
    previous Order.  See Chhun, 513 F. Supp. at 1183-84.

5

to obviate the need to address the scope of the State Department official's testimony.

**III.  CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion.

IT IS SO ORDERED.

Dated: March 20, 2008

_____
DEAN D. PREGERSON
United States District Judge